UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * *

REPORT AND RECOMMENDATION

* * * * * * * * * * * * * * * * * * * *

Tammy Lynn Stoe,

    Plaintiff,

vs.


Fosston Family Dental;
Sandwick Orthodontics
Inc.; Dr. Todd Sandwick;
Patty (Last Name Unknown);
Family Dentistry; Dr. Jacklyn
Jensen; Sandy (Last Name
Unknown); Prairie Dental
Centers; Dr. David Resnick;
Dr. Debra Ettle; Cheryl
"Sheri" Johnson; Bemidji
Orthodontics; Dr. Bret
Cooper; Delta Community
Dental Center; Blue Plus;
Jon Maturi; State of Minnesota,
Department of Human Services;
State of Minnesota,

    Defendants.  Civ. No. 09-2673 (RHK/RLE)

* * * * * * * * * * * * * * * * * * * *

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Application of the Plaintiff Tammy Lynn Stoe for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> ("IFP"). See, <u>Docket No. 2</u>.

For reasons which follow, we recommend that the Plaintiff's IFP Application be denied, and that the action be summarily dismissed for lack of Subject Matter Jurisdiction, for failure to state a claim upon which relief can be granted, and for lack of prosecution.

## II. Factual and Procedural Background

On September 28, 2009, the Plaintiff filed a Complaint with the Clerk of Court, alleging injuries arising out of her attempts to receive dental care for herself and her children, and her attempts to redress those grievances in a Minnesota State Court. See, <u>Complaint</u>, <u>Docket No. 1</u>, p.7,¶¶3-4.[1] At the time of filing, the Plaintiff did not

---

[1] On the same date that the Plaintiff filed this action, the Plaintiff also filed two (2) other actions now pending before this Court. See, <u>Stoe v. RHR Information Services Inc.</u>, Civ No. 09-2671 (JRT/RLE); <u>Stoe v. D.W. Jones Management Inc., et al.</u>, Civ No. 09-2672 (RHK/RLE).

pay the $350.00 filing fee that is required for the filing of a case in Federal Court, but instead, she filed the IFP Application that is now before us.

The Defendants are various dental providers and their employees, as well as the Minnesota Department of Human Services, the State of Minnesota, and Judge Jon Maturi, who the pleadings disclose is the Chief Judge of the Minnesota District Court located in Grand Rapids, Minnesota ("Judge Maturi"). Id. at pp. 2-7, 12. Specifically, the Plaintiff alleges as follows:

> The above-named defendants noted in this case threw the plaintiff/plaintiff's children around like a "Raggedy Ann/Raggedy Andy" doll when attempting to obtain civilized, normal, dental services as educated to do in life, causing extreme emotional, mental, and financial injury to plaintiff/plaintiff's children. **Plaintiff is unsure as to the exact statute to file under but is claiming personal injury.**
>
> Plaintiff went to the local social service office to obtain medical and dental insurance for herself and her children. Plaintiff acquired the insurance and when attempting to use the dental insurance, plaintiff and her children were abused and battered and thrown around like "rag dolls," never receiving dental services but always having the life collected/extracted out of us by the defendants.
>
> \* \* \*
>
> [Judge] Jon Maturi – denying us "access" to the MN judicial system to settle this matter in a state court (denying

> my lawsuits against some of these defendants) and not allowing me in any form to/or opportunity to correct any error or wrong input in lawsuit to ensure its legitimacy but outright denying my "access to the 'American' judicial system." Abusing/misusing legal systems, maybe for personal reasons.
>
> \* \* \*
>
> State of Minnesota, Department of Human Services--is responsible for the state insurance offered to plaintiff. Failed to take action against any dental providers and failed to respond to plaintiff in any form.
>
> \* \* \*
>
> State of Minnesota--Employer of Chief Judge Jon Maturi, who denied plaintiff "access to the 'American judicial'" system.
>
> \* \* \*
>
> All [defendants] -- abusive -- emotionally, mentally, financially; abusing judicial system.

Id. at pp. 7-8, ¶¶3-4 [emphasis added].

As relief, the Plaintiff seeks damages for her injuries, the revocation or suspension of the dental providers' dental licenses, and the revocation of Judge Maturi's license to practice law.

In our initial review of the Plaintiff's IFP Application, we found the Plaintiff's Complaint defective because it failed to identify any grounds for Federal subject

matter jurisdiction, and because it failed to comply with elemental pleading requirements, and accordingly, we deferred a ruling on her IFP Application at that time. See, Docket No. 4. Instead, we afforded the Plaintiff an opportunity to amend her Complaint, so as to cure those deficiencies. We forewarned the Plaintiff of the consequences for failure to comply with our directives, as follows:

> If the Plaintiff elects to file an Amended Complaint, she must do so **by no later than November 6, 2009.** If the Plaintiff does not file an Amended Complaint within the time allowed, we will recommend that this action be dismissed without prejudice, pursuant to Rule 41(b), Federal Rules of Civil Procedure.

Id. at p. 6 of 7 [emphasis in original]. In addition, we advised the Plaintiff that she must also cure the elemental pleading defects in her Complaint, by clearly and concisely explaining the factual and legal grounds on which her claims were based for each named Defendant, and by identifying the jurisdictional bases for all of those claims.

The Plaintiff did not file an Amended Complaint, or otherwise respond to our Order.

### III. Discussion

An IFP application will be denied, and the action dismissed, when a plaintiff has filed a pleading that fails to state a claim on which relief can be granted. See, Title

28 U.S.C. §1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996). Here, we find that, even with the benefit of an extremely indulgent construction, the Plaintiff's pleading is deficient because it fails to state a legally cognizable cause of action over which this Court has subject matter jurisdiction.

The Plaintiff's Complaint does not identify the applicable legal grounds for the Plaintiff's attempted lawsuit against the named Defendants, much less disclose the purported basis for this Court's jurisdiction over the subject matter of the Plaintiff's grievances, whatever they may be. Moreover, the Complaint does not describe the specific acts or omissions by the named Defendants which, if proven true at Trial, would entitle the Plaintiff to any Judgment against the Defendants under any apposite legal theory. Therefore, the Plaintiff's Complaint fails to state any legally cognizable cause of action. While Federal Courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980); see also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions.").

In addition to the pleading deficiencies, there are a number of other problems with the Plaintiff's Compliant, which we will now address.

A. The Plaintiff's Claims Against the State Defendants.

First, it appears that at least two (2) of the intended Defendants are State entities -- namely the State of Minnesota, and the Minnesota Department of Human Services. It is well settled that States, and their agencies, are immune from suit in Federal Court, under the Eleventh Amendment, unless the State has consented to suit, see, Pugh v. Alabama, 438 U.S. 781, 782 (1978), or Congress has abrogated the State's immunity by some **express statutory** provision. See, Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995).

Here, the Plaintiff has not made any allegation in the Complaint, which would suggest that the intended Defendants have consented to suit, nor has she identified any act of Congress that would abrogate the Defendants' apparent immunity. Indeed, the Plaintiff has not even identified any substantive law on which her claims are based. Therefore, it appears that the Plaintiff's claims against the State of Minnesota, and the Minnesota Department of Human Services, are barred by the Eleventh Amendment.

B. Claims Against Judge Maturi.

The Plaintiff has not clearly identified the legal doctrine, principle, or theory, on which her claims against Judge Maturi are based. Our best guess is that the Plaintiff may be attempting to sue Judge Maturi under Title 42 U.S.C. §1983, for allegedly violating her Federal constitutional rights in relation to her access to the Courts. However, we note that that is conjecture, as the Complaint does not mention Section 1983, or any specific Federal constitutional provisions.

Nevertheless, we find that any claim, that the Plaintiff may have as to Judge Maturi, is undoubtedly frivolous because Judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003), cert. denied, 541 U.S. 987 (2004), quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991); Robinson v. Freeze, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from Section 1983 liability."); Maness v. District Court of Logan County-Northern Div., 495 F.3d 943, 944 (8th Cir. 2007). "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." Penn v United States, supra at 789-790, quoting Stump v. Sparkman, 435 U.S. 349, 356 (1978). The Supreme Court has explained, as follows:

> If a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

Stump v. Sparkman, supra at 357 n.7.

Moreover, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Id. at 356-357.

Although it is far from clear, it appears that the Plaintiff claims that Judge Maturi denied her claims without allowing her the opportunity correct errors contained in her submissions to the Court. A Judge's disposition of a litigant's claims, and the decision whether or not to grant a party permission to correct errors in their filings, is clearly within a Judge's judicial function. Moreover, the Plaintiff has alleged no facts that would suggest that Judge Maturi was acting **in the absence of all jurisdiction.** Accordingly, we find that the Plaintiff's claims against Judge Maturi are frivolous, and fail to state a claim upon which relief can be granted, because Judge Maturi is absolutely immune from suit. See, Myers v. Vogal, 960 F.2d 750, 750 (8th Cir. 1992)(affirming District Court's dismissal of a Complaint as frivolous under Section 1915(d), where there was no basis for concluding that the Judges "clearly

lacked jurisdiction."); McCaw v. Winter, 745 F.2d 533, 534-535 (8th Cir. 1984)(affirming dismissal of civil rights claim as frivolous under Title 28 U.S.C. §1915(d), where the Judge presiding over the plaintiff's criminal Trial was absolutely immune from liability); Regino v. Reynolds, 2009 WL 2781755 at *2 (E.D. Ark., August 31, 3009)(dismissing the plaintiff's claims against a Judge, where the claims were unclear, but appeared to challenge actions that fell squarely within the judicial functions).

    C.    <u>The Dental Provider Defendants</u>.

Lastly, with respect to the Plaintiff's claims against the dental provider Defendants, it appears that this Court does not have subject matter jurisdiction over her claims. If the Complaint states any actionable claims against the dental care providers, they appear to be claims for personal injury, and for the infliction of emotional distress, which are claims predicated upon State law. As noted in our previous Order, to the extent that those claims may be actionable, the Plaintiff has not specifically identified the purported basis for Federal Subject Matter Jurisdiction, as required by Rule 8(a)(1).

"Subject matter jurisdiction * * * is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 493 (8th Cir.

1991), citing Kronholm v. Federal Deposit Ins. Corp., 915 F.2d 1171, 1174 (8th Cir. 1990). However, we conclude that Federal Subject Matter Jurisdiction over the Plaintiff's claims against the dental provider Defendants does not appear to exist under either of the two (2) statutes that define the subject matter jurisdiction of the Federal District Courts -- namely: 1) the Federal Question Statute, see, Title 28 U.S.C. §1331; and 2) the Diversity of Citizenship Statute, see, Title 28 U.S.C. §1332.

There is no jurisdiction under the Federal Question Statute because the Plaintiff has not identified any Federal substantive law upon which those claims may be predicated. Notably, the Complaint makes no reference to any Federal statutes, and it states no claim "arising under the Constitution, laws or treaties of the United States," which would establish subject matter jurisdiction under Section 1331. See, QwestDex, Inc. V. Hearthside Restaurant, Inc., 376 F. Supp.2d 931, 933 (D. Minn. 2005) ("The 'well-pleaded complaint rule' provides that federal jurisdiction pursuant to section 1331 exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."), citing Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998), citing, in turn, Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

Moreover, the Complaint, on its face, indicates that the Plaintiff, and all of the Defendants reside in Minnesota. See, Complaint, supra at pp. 1-7. Given those representations, subject matter jurisdiction cannot be predicated on Section 1332, because there is not complete diversity of citizenship between the Plaintiff and all of the Defendants. See, Capitol Indemnity Corp., Inc. v. Russellville Steel Co., Inc., 367 F.3d 831, 835 (8th Cir. 2004)("Diversity jurisdiction exists where the amount in controversy is greater than $75,000 and where there is a complete diversity of citizenship."), citing Title 28 U.S.C. §1332(a). "Complete diversity of citizenship exists where no defendants hold citizenship in a state where any plaintiff holds citizenship." Id., citing Owen Equipment & Erection v. Kroger, 437 U.S. 365, 373 (1978). Furthermore, given the absence of any allegations that the Plaintiff has sustained any demonstrable and quantifiable damages, we have no reason to believe that she is attempting to bring a claim that exceeds the statutory threshold of $75,000.00. Thus, we conclude that subject matter jurisdiction cannot exist under the Diversity of Citizenship Statute, Section 1332.

Since the Plaintiff's Complaint fails to state a claim upon which relief can be granted over which this Court has subject matter jurisdiction, we recommend that this

action be summarily dismissed, and we further recommend that her IFP application be denied, as moot.

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Plaintiff's Application to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> [Docket No. 2] be denied as moot.

2. That this action be summarily dismissed, without prejudice, for lack of subject matter jurisdiction, for failure to state a claim upon which relief can be granted, and for lack of prosecution.

Dated: January 11, 2010          *s/Raymond L. Erickson*
                Raymond L. Erickson
                CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than**

**January 25, 2010**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing by no later than **January 25, 2010**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.